UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSEPH ROBERT THOMPSON | § | |
| **Plaintiff** | § | |
| VS. | § | CIVIL ACTION NO.  5:20-CV-366 |
| | § | |
| SAAD ALI AND | § | JURY DEMANDED |
| BROTHER'S EXPRESS, LLC | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COMES NOW, JOSEPH ROBERT THOMPSON ("Plaintiff"), complaining of SAAD ALI and BROTHER'S EXPRESS, LLC ("Defendants") and for cause of action would respectfully show unto this Court as follows:

### I. NATURE OF THE CASE

1.  Plaintiff Joseph Robert Thompson and Defendant Saad Ali were involved in a serious collision in Kendall County, Texas.  This is a negligence case against Defendant Ali and his employer, Defendant Brother's Express, LLC.

### II. PARTIES

2.  Plaintiff, Joseph Robert Thompson, is an individual and citizen of Texas.  Plaintiff is domiciled at 2658 W. Boyce Avenue, Fort Worth, Tarrant County, Texas 76115.

3.  Defendant, Saad Ali is an individual and residing in Idaho.  Defendant Saad Ali may be served with personal service at the following address: 7350 N. Inkster Road, Apartment 102, Dearborn Heights, Michigan 48127-1630.

4.  Defendant, Brother's Express, LLC, is a for-profit company under the laws of Texas. Defendant Brother's Express, LLC, a private company based out of Boise, Idaho, which has its principal place of business based out of Boise, Idaho.  Defendant Brother's Express, LLC may be

served by delivering a copy of the summons and complaint to its registered agent, Firas J.

Mutlak, 94 S. Cole Road, Boise, ID 83709.

## III. JURISDICTION

5.  The Court has subject matter jurisdiction of this action under 28 U.S.C. § 1332.  There

is complete diversity of citizenship between the parties and the amount in controversy exceeds

$75,000.00.

6.  The Court has personal jurisdiction over Defendant Brother's Express, LLC because it

routinely and regularly transacts business in Texas by providing trucking transportation services

of general freight household goods, metal, building materials, mobile homes, machinery, fresh

produce, commodities and other various products all over the state.  Moreover, this action arises

out of a wreck that occurred while Defendant Ali was transporting said goods, giving rise to

specific, personal jurisdiction.   In short, Defendant Brother's Express, LLC has sufficient

minimum contacts with Texas such that the maintenance of the suit in Texas does not offend

traditional notions of fair play and substantial justice.  See *International Shoe Co. v. Washington*,

326 U.S. 310 (1945).

## IV.  VENUE

7.  Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial

portion of the acts, events, or omissions giving rise to this claim occurred in Kendall County,

Texas, which falls within the United District Court for the District Western District of Texas,

San Antonio Division.

## V. CONDITIONS PRECEDENT

8.  All conditions precedent have been performed or have occurred.

## VI.  FACTUAL BACKGROUND

9.  This collision occurred on Tuesday, May 15, 2018 at approximately 10:00 p.m. on Hwy 87 and Fritz Dr. outside the city limits of Kendall County, Texas. The weather conditions were dark and rainy.  The area was free of any construction.

10.  Prior to this collision, Defendant Saad Ali was traveling southbound on US 87 at an unsafe speed.  The evidence suggests Defendant Ali was traveling at a speed of seventy six (76) miles per hour in a zone with a speed limit of seventy (70) miles per hour.  It is evident that Defendant Ali was operating his vehicle and trailer at a speed greater than is reasonable and prudent under the circumstances, given the weather.  As Defendant Ali sped, he began to lose control of his vehicle.  The tractor and trailer fishtailed one way and then the other eventually overturning with the underside of the trailer carriage facing the crest of the hill and the southbound traffic.

11.  Due to his negligence, Defendant Ali ended up losing control of his tractor trailer and overturned his tractor trailer as he attempted to correct his negligent actions.  His tractor trailer ended up sprawled across and blocking all lanes of southbound traffic on Hwy 87.

12.  Plaintiff Joseph Thompson was also traveling southbound on US 87 and was navigating up the hill and then down the same slope recently traveled by Defendant Ali.  As Plaintiff navigated up the hill, he had no way of knowing that Defendant Ali's trailer would completely cover the road on the downside slope of the road.  Further, because it was dark and wet outside, Plaintiff had no way of even seeing the underside of the trailer carriage before striking it.  Plaintiff ended up crashing into the lower section of Defendant Ali's trailer and jack knifing to a stop.  Plaintiff had *no warning* of the condition created by Defendant Ali and he was unable to safely maneuver around the condition since Defendant Ali's tractor trailer was blocking all lanes of south bound traffic.

## VII.  CAUSES OF ACTION

13.  Plaintiff hereby adopts, incorporates, restates and re-alleges the preceding paragraphs with regard to all causes of action.

14.  This wreck was caused by one or more negligent acts and/or omissions on the part of Defendant Brother's Express, LLC and its driver, Defendant Ali.  The negligent acts were the proximate cause of Plaintiff's serious and debilitating personal injuries.  The wreck and injuries resulting therefrom were not caused by or contributed to by Plaintiff or an innocent third party; nor did same occur through any fault or negligence on the part of Plaintiff, but were caused solely by the acts, wrongs, and/or omissions of Defendant Brother's Express, LLC and its driver, Defendant Ali, which said acts, wrongs, and/or omissions were the proximate cause of the injuries and damages sustained by Plaintiff.

## A. DEFENDANT BROTHER'S EXPRESS, LLC's LIABILITY

15.  Brother's Express, LLC is responsible for Saad Ali's conduct under the doctrine of *Respondeat Superior.*

16.  Brother's Express, LLC is a private company based out of Boise, ID providing trucking transportation services. The company transports general freight household goods, metal, building materials, mobile homes, machinery, fresh produce, commodities and other various products. The company has over 24 power units and 26 drivers.

17.  As detailed below, Brother's Express, LLC is liable for this collision. Brother's Express, LLC is vicariously liable for Saad Ali's negligence and negligence per se, and it is directly liable for its own negligence/gross negligence.

*Vicarious Liability*

18.  At the time of this crash, Defendant Saad Ali was driving in the course and scope of

his employment with Defendant Brother's Express, LLC. As such, Defendant Brother's Express, LLC is vicariously liable for Defendant Saad Ali's negligence and negligence per se, as detailed above. Defendant Brother's Express, LLC is responsible for all of the harms and losses Defendant Saad Ali caused, including the brain injury, as well as the severe neck, back, shoulder and knee injuries Plaintiff sustained in this collision.

***Direct Liability***

19.   Operating commercial vehicles on state and federal highways is a privilege. The privilege carries a great responsibility for the protection and safety of everyone on the roadway. Defendant Brother's Express, LLC puts over 26 drivers on the road to operate its huge fleet of tractor trailers. Those massive commercial tractor-trailers have a gross vehicle weight rating of 85,000 lbs. That is more than 19 times larger than the average sedan on the road today. Knowing that its drivers are operating these massive, commercial vehicles, Defendant Brother's Express, LLC is aware that there is little-to-no margin for error in operating these "tank-like" trucks.

20.   When it employs drivers to operate these massive trucks around the country, Defendant Brother's Express, LLC has a responsibility to properly hire, train and supervise the drivers, including Defendant Saad Ali. This begins with the duty to perform a thorough background check to determine if the driver can safely operate the equipment.

21.   Defendant Brother's Express, LLC has a duty to properly train and supervise all of its drivers, including Defendant Saad Ali. Employing commercial drivers mean thousands of hours on the road in the massive tractor-trailer, exposing more drivers on the road to the potential risks.

22.   Defendant Brother's Express, LLC's drivers have a history of an excessive number of at fault collisions with other vehicles, fixed objects and jack-knifing trucks considering the

number of units on the road and miles driven.  It is evident from those collisions in the 4 years preceding this collision that there is not an effective training and education program at Defendant Brother's Express, LLC to prevent serious at fault injuries.  Defendant Brother's Express, LLC has an independent duty to have an effective training and education program to train its drivers to avoid collisions.  Its' failure to have an effective training and education program was a proximate cause of this collision and of the Plaintiff's injuries.

23.   Defendant Brother's Express, LLC knew or should have known that Defendant Ali was an unsafe driver but allowed Defendant Ali to drive anyway.

24.   Defendant Brother's Express, LLC should be held independently liable for its' negligence in allowing a driver as unsafe as Defendant Ali to drive for it in the first place, proximately causing the crash and the Plaintiff's injuries.

## C. DEFENDANT SAAD ALI'S LIABILITY

25.   Defendant Ali is liable for Plaintiff's injuries and damages because of numerous negligent acts and omissions all of which proximately caused the Plaintiff's injuries.  When Defendant Ali crashed his 18 wheeler and overturned, he breached duties owed to the general public and to the Plaintiff and was negligent, including but not limited to the following:

1.   Consciously deciding to speed over the set speed limit of 70 mph;

2.   Driving at an unsafe speed due to the weather conditions and light load Defendant Ali was carrying;

3.   Failing to timely apply his brakes;

4.   Driving his vehicle at a high rate of speed that an ordinary and prudent person would not have driven under the same or similar circumstances; and

5.   Failing to operate the commercial vehicle in a reasonably prudent or responsible manner under the circumstances.

26. Each of these acts and omissions, singularly, or in combination with others, constitutes negligence, which proximately caused the occurrence made the basis of this action and the Plaintiff's injuries and damages.

***Negligence Per Se***

27. Defendant Ali, a licensed commercial truck driver, breached the common "Rules of the Road" as set forth in the Texas Transportation Code Chapter 545, as well as the Texas Department of Public Safety's "Texas Driver's Handbook" and "Commercial Driver's Handbook."

28. Defendant Brother's Express, LLC and its driver, Defendant Ali, had a duty to exercise the degree of care that a prudent and careful person would use to avoid harm to others under similar circumstances. Plaintiff's injuries were proximately caused by Defendant Brother's Express, LLC and Defendant Ali's negligent, careless and reckless disregard of said duties.

29. At all times relevant and material hereto, Defendant Ali was negligent in the operation of Defendant Brother's Express, LLC's vehicle in at least the following respects:

  A. ***Violated Texas Transportation Code § 545.351 – Maximum Speed Requirement*** by driving at a speed greater than is reasonable and prudent under the circumstances.

  B. ***Violated Texas Transportation Code § 545.352 – Prima Facie Speed Limits*** – by driving at an unreasonable and unlawful rate of speed under the circumstances during that given time.

  C. ***Violated Texas Transportation Code § 545.401 – Reckless Driving*** by operating his vehicle in a willful and or wanton disregard for the safety of others and specifically, Joseph Thompson, among other failures.

***Gross Negligence***

30. The facts and evidence surrounding this tragic and preventable collision establishes gross negligence under Texas Law. As noted herein, Defendant Ali holds a commercial driver's

license and knows very well the responsibility that comes with driving an 18 wheeler.

31.   At all times, Defendant Ali knew very well that speeding, let alone in rainy conditions, posed a risk not only for himself but for all other motorist on the road. Defendant Ali consciously knew that the conditions were slippery at the time and could cause him to lose control of his 18 wheeler. The chances of this occurring increased as he continued to speed up the hill.

32.   As Defendant Ali continued to speed up the hill, he lost control of his 18 wheeler. In an attempt to regain control, his 18 wheeler was in a zig zag like motion, going left and right. Upon moving right, he struck a barrier that catapulted his 18 wheeler over the heel, coming to its side.

33.   It is clear that Defendant Ali's negligence was excessive and that his actions and inactions under these circumstances are inexcusable and presented a substantial and unjustifiable risk to other motorist on the road. Driving at a high rate of speed puts everyone on the road and around him at risk. It is important to also note that given the lack of lighting and the wet condition of the road, the driving conditions were much more dangerous. The results speak for themselves.

34.   Specifically, in accordance with the gross negligence standard in Texas, the evidence is 'clear and convincing' that he was grossly negligent in that the acts and omissions outlined above:

    A.  Involved an extreme degree of risk, considering the probability and magnitude of potential harm to others; and

    B.  Saad Ali had actual, subjective awareness of the risk involved, but nevertheless preceded with conscious indifference to the rights, safety and welfare of Joseph Thompson and others on the road.

## VIII.  DAMAGES

35.     Plaintiff hereby adopts, incorporates, restates and re-alleges the preceding paragraphs.

36. As a direct and proximate result of the occurrence made the basis of this lawsuit Plaintiff was caused to suffer numerous physical injuries, including but not limited to a traumatic brain injury with continued sequela, injuries to both shoulders, injuries to the plaintiff's back and neck that result in intractable pain and serious disability, injuries to both knees and to an ankle. The orthopedic injuries have already resulted in surgeries to Plaintiff's left knee and left ankle with planned additional surgery on Plaintiff's shoulders. These injuries have resulted in serious and long lasting pain and mental anguish, significant and ongoing medical care, have prevented the Plaintiff from resuming his employment as a long haul truck driver and will continue to do so for the foreseeable future.  These injuries have resulted in serious physical impairment due to the brain injury and the orthopedic injuries detailed above, which will continue into the foreseeable future.  Plaintiff therefore seeks the following damages:

> A.  Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Tarrant County, Texas;
>
> B.  Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;
>
> C.  Physical pain and suffering in the past;
>
> D.  Physical pain and suffering in the future;
>
> E.  Physical impairment in the past;
>
> F.  Physical impairment which, in all reasonable probability, will be suffered in the future;
>
> G.  Loss of earnings in the past;

H. Loss of earning capacity which will, in all probability, be incurred in the future;

I. Mental anguish in the past; and

J. Mental anguish in the future;

## IX.  PREJUDGMENT, POST JUDGMENT INTEREST, AND COURT COSTS

37.    Plaintiff hereby adopts, incorporates, restates and re-alleges the preceding paragraphs.

38. Plaintiff seeks to recover the maximum amount of prejudgment and post judgment interest allowed by law.

39. Plaintiff seeks to recover his Court Costs.

## X.  RELIEF REQUESTED

40.   The preceding factual statements and allegations are incorporated by reference.

41.   For these reasons, Plaintiff prays for judgment against Defendants for the following:

a. Actual damages;

b. Pre-judgment and post-judgment interest;

c. Exemplary damages;

d. Costs of Court; and

f. Such other and further relief as the Court deems just and equitable.

## XI.  JURY DEMAND

42.   Plaintiff respectfully demands trial by jury and has tendered the appropriate fee for the same.

## XII.  PRAYER

WHEREFORE, Plaintiff respectfully request Defendants to be cited to appear and answer herein, and that upon final trial hereof, the Court award the relief request against Defendants.

Respectfully submitted,


**THE HERRERA LAW FIRM, INC.**
Herrera Plaza
1800 W. Commerce Street
San Antonio, Texas 78207
Telephone:     (210) 224-1054
Facsimile:       (210) 228-0887

<u>/s/ JORGE A. HERRERA</u>
JORGE A. HERRERA
State Bar No. 24044242
jherrera@herreralaw.com
JAVIER L. HERRERA
State Bar No. 24075498
javier@herreralaw.com
**ATTORNEYS FOR PLAINTIFF**